Jewell v. SCMI Corp.                    CV-94-359-JD  07/11/95
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE

Donald E. Jewell

        v.                              Civil No. 94-359-JD

SCMI Corp., et al.


                            O R D E R


     The plaintiff, Donald Jewell, brings this products liability
action to recover damages for personal injury related to the use
of a multi-blade saw designed, manufactured, and marketed by the
defendant Autec Inc. d/b/a SCMI and the defendant SCM S.p.A.
Before the court is the defendants' motion for partial summary
judgment (document no. 13) on counts III, IV, and VI of the
complaint.

                           Discussion

     This lawsuit arises out of an on-the-job injury sustained by
the plaintiff on July 28, 1991, while he was operating a saw
manufactured by the defendants.  The parties do not dispute that
the saw was purchased by the plaintiff's employer on October 4,
1985.  The plaintiff filed this action nearly nine years later on
July 11, 1994.

     In their motion, the defendants assert that the plaintiff's
claims for breach of implied warranty of merchantability and
fitness (count III) and breach of express warranty (count IV) are

barred by N.H. Rev. Stat. Ann. ("RSA") § 382-A:2-725, which requires that all breach of warranty actions be commenced within four years of delivery of the goods at issue. The defendants further assert that the plaintiff's claim alleging a violation of the consumer protection act (count VI) is barred by RSA § 358-A:3 IV-a, which requires that actions under the act be commenced within two years of the transaction at issue.

The plaintiff responds by affidavit that facts essential to his warranty and consumer protection causes of action may have been fraudulently concealed by the defendants and that such conduct equitably tolls the applicable statutes of limitations under New Hampshire law. The plaintiff argues that he will pursue information in support of this theory through formal discovery, which is scheduled to close on September 1, 1995, and, depending on the outcome of discovery, may move to amend his complaint to allege fraudulent concealment. Specifically, the plaintiff will attempt to determine through discovery whether "either Defendant had prior knowledge of the propensity for the subject product to cause injuries to users of the product; and further whether either defendant fraudulently concealed any such information from the Plaintiff." Plaintiff's Objection to Defendants' Motion for Summary Judgment at ¶ 3.

Rule 56 provides:

> **(f) When Affidavits are Unavailable.**  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions be taken or discovery be had or may make such other order as is just.

Fed. R. Civ. P. 56.  Moreover,

> [t]he mere averment of such exclusive knowledge or control of the facts by the moving party is not adequate: the opposing party must show to the best of his ability what facts are within the movant's exclusive knowledge or control, what steps have been taken to obtain the desired information pursuant to the discovery procedures under the Rules, and that he wishes to take advantage of these discovery procedures.
>
> The court may then order a continuance to permit discovery, or deny the motion for summary judgment without prejudice to its renewal after adequate time has elapsed to obtain the desired information.

6 Jeremy C. Moore et al., Moore's Federal Practice ¶ 56.24 (2d ed. 1995).

The defendants correctly have observed that the plaintiff's objection and accompanying memorandum and affidavit are extremely vague on the issues of which facts he expects to discover in support of the fraudulent concealment theory and on why such discovery has not already been conducted.  See Mattoon v. City of Pittsfield, 980 F.2d 1, 7 (1st Cir. 1992) (reciting standard for relief from summary judgment under Rule 56(f)).  Nonetheless, the

3

plaintiff, at this point unable to adduce evidence to oppose the motion for summary judgment, has articulated a sufficient need for discovery to invoke the "procedural escape hatch" of Rule 56(f) and the motion is denied without prejudice.  See id. (quotation omitted).  Once discovery has closed the defendants may renew their motion for summary judgment based on the failure to comply with the statutes of limitations or any other theory properly asserted under Rule 56.

## Conclusion

The defendants' motion for partial summary judgment (document no. 13) is denied without prejudice.  The parties shall complete discovery by the September 1, 1995, deadline.  The plaintiff will not be granted additional time to conduct discovery in support of the argument that the statutes of limitations should be tolled because of fraudulent concealment, and any motion to amend the complaint on this ground shall be filed no later than September 15, 1995.  The court will entertain thereafter motions for summary judgment filed by either party.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

July 11, 1995
cc:  Michael R. Callahan, Esquire
     James D Meadows, Esquire
     Howard B. Myers, Esquire

4